# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IRIS MCCLAIN, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Civil Action No. 8:22-cv-01442-PX |
| | * | |
| THE BANK OF NEW YORK MELLON TRUSTEE, | * | |
| | * | |
| | * | |
| Appellee. | * | |

| | | |
|---|---|---|
| IRIS MCCLAIN, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Civil Action No. 8:22-cv-00885-PX |
| | * | |
| TIMOTHY P. BRANIGAN, | * | |
| | * | |
| Appellee. | * | |

***

## MEMORANDUM OPINION

Pending before the Court are pro se Debtor-Appellant Iris McClain's two appeals from the United States Bankruptcy Court for the District of Maryland.[1] McClain first challenges the Bankruptcy Court's Order Denying Confirmation of her Chapter 13 Plan. *McClain v. Branigan*, No. 22-cv-00885-PX (D. Md. filed Apr. 8, 2022), ECF No. 1. She separately challenges two subsequent Orders, which denied McClain's objection to a proof of claim and dismissed the Chapter 13 bankruptcy proceeding. *McClain v. The Bank of New York Mellon Trustee*, No. 8:22-cv-01442-PX (D. Md. filed June 10, 2022), ECF No. 1. The Chapter 13 Trustee, Timothy P.

---

[1] Because McClain proceeds pro se, her pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *See Cofield v. Williams*, No. ELH-21-1070, 2022 WL 195492, at *1 (D. Md. Jan. 21, 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). At the same time, McClain's "pro se status does not excuse her from satisfying the duties and responsibilities imposed by the Bankruptcy Code on a Chapter 13 debtor." *In re Simmons*, 256 B.R. 578, 579 (D. Md. 2001).

Branigan, and Creditor-Appellee The Bank of New York Mellon Trustee ("BONY") contest the appeal. No. 8:22-cv-01442-PX, ECF Nos. 10 & 11. McClain has not replied and the time for doing so has expired. Fed. R. Bankr. P. 8018(a)(3). No hearing is necessary. D. Md. Loc. R. 105.6. For the following reasons, the Orders of the Bankruptcy Court are affirmed.

I. Background

The Court has discussed McClain's previous bankruptcy appeals and related litigation at length and will not repeat itself here. *See McClain v. Branigan*, No. 8:19-cv-01978-PX, 2020 WL 1675988, at *1 (D. Md. Apr. 6, 2020); *McClain v. Rosen*, No. 8:19-cv-01976-PX, 2020 WL 1674989, at *1-2 (D. Md. Apr. 6, 2020). In a nutshell, McClain has used the bankruptcy process to avoid foreclosure on her home. *Id.* The Bankruptcy Court has rejected all such efforts.

These particular appeals concern McClain's latest Chapter 13 bankruptcy petition, filed on December 28, 2021. *See* Chapter 13 Voluntary Petition, *In re: McClain*, No. 21-17990 (Bankr. D. Md. filed Dec. 28, 2021), ECF No. 1 ("Bankruptcy Case").[2] McClain filed her Chapter 13 Plan ("the Plan") on January 11, 2022. The Chapter 13 Trustee and BONY, through its servicing agent Specialized Loan Servicing LLC, each objected to confirmation of the Plan on grounds that it was "underfunded" and not "feasible." Bankruptcy Case No. 21-17990, ECF Nos. 36 ¶¶ 2-3 & 18 ¶¶ 3-4.

On March 22, 2022, the Bankruptcy Court held a plan confirmation hearing at which McClain did not appear. Bankruptcy Case No. 21-17990, ECF No. 40. The Bankruptcy Court noted McClain's five prior bankruptcy actions and that, in this case, she had not made any plan payments or attended the required creditors meeting. *Id.* Ultimately, the Bankruptcy Court

---

[2] Although McClain has transmitted the bankruptcy record on appeal, the transmission is incomplete. Accordingly, the Court has reviewed the entire bankruptcy docket to fully understand the bases for McClain's appeals. *Cf. Dailey v. Thomas*, No. ELH-16-3065, 2017 WL 1093277, at *1 n.3 (D. Md. Mar. 23, 2017) (drawing upon bankruptcy and related case records "to provide sufficient background").

2

denied confirmation of the Plan for failure to meet the statutory requirements. No. 8:22-cv-00885-PX, ECF No. 1-1 ("March 25 Order"). The Court further cautioned McClain that the case would be dismissed if she did not proceed under another chapter or voluntarily dismiss the action. *Id.* Thereafter, McClain noted her appeal of the March 25 Order.

On May 26, 2022, McClain filed a motion with the Bankruptcy Court to disallow a proof of claim that BONY had filed on January 27, 2022. Bankruptcy Case No. 21-17990, ECF No. 54. On May 31, 2022, the Bankruptcy Court denied the motion for failure to serve the claimant pursuant to Loc. Bankr. R. 3007-1. No. 8:22-cv-01442-PX, ECF No. 1-1. That same day, the Bankruptcy Court dismissed the Chapter 13 case because McClain had "not properly prosecuted this action by electing to convert this Chapter 13 case to a case under another chapter or to dismiss within the time allowed" by the March 25 Order. No. 8:22-cv-01442-PX, ECF No. 1-2. McClain appealed the Bankruptcy Court's decisions.

The appeals were assigned to the Honorable Paul W. Grimm. On June 16, 2022, the Chapter 13 Trustee filed a letter requesting that Judge Grimm treat the appeal of the March 25 Order as "equitably moot" because the Chapter 13 case had been dismissed. No. 8:22-cv-00885-PX, ECF No. 6. On July 5, 2022, Judge Grimm ordered that McClain show cause why her appeal of the March 25 Order should not be dismissed as moot. No. 8:22-cv-00885-PX, ECF No. 8. McClain promptly responded, highlighting that she had also appealed the Bankruptcy Court's dismissal of the Chapter 13 case. On August 2, 2022, Judge Grimm declined to dismiss the earlier appeal and determined to treat the two appeals "as consolidated[.]" No. 8:22-cv-00885-PX, ECF No. 14. Thereafter, both appeals were transferred to this Court upon Judge Grimm's retirement. The appeals are now ready for resolution.[3]

---

[3] Judge Grimm had stayed the earlier appeal pending the outcome of the second appeal. No. 8:22-cv-00885-PX, ECF No. 14. However, this Court resolves the appeals together in the interest of judicial economy.

## II. Legal Standard

This Court reviews the decision to dismiss McClain's bankruptcy petition for abuse of discretion. *Bristol v. Branigan*, No. PJM-18-03197, 2019 WL 4600304, at *3 (D. Md. Sept. 20, 2019). As to the other decisions of the Bankruptcy Court, this Court reviews legal conclusions *de novo* and findings of fact for clear error. *Copley v. United States*, 959 F.3d 118, 121 (4th Cir. 2020). This Court may affirm, modify, or reverse the Bankruptcy Court's orders, or remand with instructions for further proceedings. *See Tidewater Fin. Co. v. Williams*, 341 B.R. 530, 533 (D. Md. 2006).

## III. Analysis

The Court begins with the Bankruptcy Court's denial of confirmation of McClain's proposed Plan. Section 1325 of the Bankruptcy Code sets forth specific criteria required for confirmation of a Chapter 13 plan. *See Campbell v. U.S. Bank Nat'l Assoc.*, No. PWG-20-2090, 2021 WL 1216591, at *4 (D. Md. Mar. 31, 2021); *see also In re Lewis*, 170 B.R. 861, 865 (Bankr. D. Md. 1994) ("The debtor, as plan proponent, bears the ultimate burden to prove that all confirmation criteria are met."). Among these criteria, bankruptcy courts shall only confirm Chapter 13 plans when "the debtor will be able to make all payments under the plan and to comply with the plan[.]" 11 U.S.C. § 1325(a)(6); *see also Sweatmon v. Ocwen Fed. Bank, FSB*, No. PJM 05-264, 2005 WL 4014094, at *4 (D. Md. Mar. 17, 2005).

The Bankruptcy Court concluded that "the proposed Plan does not fulfill the requirements for confirmation set out in 11 U.S.C. § 1325 and that the Debtor is unable to file a Plan that is susceptible of confirmation[.]" No. 8:22-cv-00885-PX, ECF No. 1-1 The record shows that BONY's claim against McClain reflected pre-petition arrears of roughly $287,724.63, but that the proposed Plan only provided gross funding of $17,100. *See* Bankruptcy Case No.

4

21-17990, ECF Nos. 18 & 19.  Thus, the proposed Plan was plainly insufficient to cover McClain's pre-petition arrears.  For this reason alone, the Bankruptcy Court did not err in denying confirmation of the proposed Plan.  *Accord Ekweani v. Thomas*, 574 B.R. 561, 569-70 (D. Md. 2017) (affirming denial of confirmation without leave to amend where Chapter 13 plan did not meet the "feasibility" requirements of Section 1325).

Turning to McClain's second appeal, McClain contends that the Bankruptcy Court erred in dismissing her Chapter 13 case.  Section 1307(c) of the Bankruptcy Code grants the Bankruptcy Court wide discretion to either dismiss or convert a plainly insufficient Chapter 13 plan.  *See Dailey*, 2017 WL 1093277, at *7-8 (citing 11 U.S.C. § 1307(c)(5)).  As the record reflects, the Bankruptcy Court did not abuse this discretion in dismissing this matter.  Indeed, the Bankruptcy Court gave McClain ample opportunity to either convert the petition or voluntarily dismiss.  No. 8:22-cv-00885-PX, ECF No. 1-1.  McClain did neither.  Accordingly, because the Chapter 13 Plan had been denied, the Bankruptcy Court properly dismissed the action.  *Accord Campbell*, 2021 WL 1216591, at *3 (recognizing that bankruptcy courts may "establish a deadline for compliance and dismiss a case for failure to comply by the prescribed deadline after the inability of the Debtor to meet her burden of proposing a confirmable Plan").  McClain gives this Court no reason to upset this sound decision.

Similarly, the Court can discern no error in the Bankruptcy Court's decision to deny McClain's "Objection to Claim Number 2" for improper service.  No. 8:22-cv-01442-PX, ECF No. 1-1.  The Bankruptcy Court's local rules require service of the proof of claim objection, along with "any supporting memorandum and affidavit on the claimant at the name and address where notices should be sent as shown on the proof of claim and must certify that service to the court."  Loc. Bankr. R. 3007-1.  Nothing in the record reflects that McClain had satisfied these

requirements, and so the Bankruptcy Court did not err in denying the objection.

## IV. Conclusion

Based on the foregoing, the March 25 and May 31 Orders of the Bankruptcy Court are AFFIRMED. A separate Order follows.

June 9, 2023 /S/
Date Paula Xinis
United States District Judge